## *SAWYERS v. SCHULER *et al.*

### No. 1023. Opinion Filed March 12, 1912.

#### (122 Pac. 199.)

**TRIAL**—Demurrer to Evidence. Evidence examined, and **held** that the court did not err in overruling a demurrer thereto and leaving the question of fact involved to the jury, under proper instructions.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County;*
*Preslie B. Cole, Judge.*

Action by Antone Schuler and others against R. C. Sawyers. Judgment for plaintiffs, and defendant brings error. Affirmed.

*E. Allan Boyd* and *W. H. Moore,* for plaintiff in error.

*Wallace Wilkinson,* for defendants in error.

TURNER, C. J. This is a suit in replevin, brought originally before a United States commissioner in Indian Territory, for a set of butcher tools of the value of $70.90. There was judgment for plaintiffs before the commissioner and in the district

---

* This opinion, rendered upon rehearing, supersedes that published in 29 Okla., p. 675.

court of Pittsburg county, to which it was appealed. Defendant brings the case here.

As the first assignment is that the court erred in the admission of testimony over objection, we cannot consider. it, for the reason that said assignment fails to comply with rule 25 of this court (20 Okla. xii, 95 Pac. viii).

The next is that the court erred in overruling defendant's demurrer to the evidence. There is no dispute as to the essential facts. On this point, the evidence disclosed that on August 27, 1904, Antone Schuler and Louise Schuler, defendants in error, plaintiffs below, were the owners of a small home and a butcher shop, which they ran, in McAlester, then Indian Territory; that on said day they entered into a written agreement with R. C. Sawyers, plaintiff in error, to sell the same to him for $1,450 and take cattle in payment, less $700, due on a mortgage outstanding against the home, which Sawyers agreed to pay out of the proceeds of certain cattle which he was authorized to sell, and less $25 per month for eight months thereafter, during which it was agreed they might remain in possession, and until the purchase price was paid; that, pursuant to said agreement, they made to Sawyers a deed to the realty, which, together with a bill of sale of said tools, they placed in escrow, with the understanding that the same should there remain until the purchase price was paid; that, pursuant to said agreement, Sawyers sold part of the cattle, paid off said mortgage, and delivered six head of said cattle to plaintiffs, but refused to deliver more, whereupon they declared the contract at an end, and notified the escrow not to deliver said papers, but found that the same had already been done; that thereupon plaintiffs sued defendant for the balance of the purchase price of all the property, including the tools, and to enforce a vendor's lien against the realty, and defendant sued plaintiffs for the possession of the realty; that, pending these suits, plaintiffs loaned the tools to a neighbor, whereupon defendant, by displaying his bill of sale therefor and claiming to be the owner, got possession of them; that thereafter it was, in effect, agreed that if the Schulers would pay Sawyers the money he had expended

in the transaction and 10 per cent. interest thereon he would accept the same and put the Schulers *in statu quo;* that the money was accordingly paid, whereupon, on November 15, 1905, it was agreed in writing, between plaintiffs and defendant that said suits "be and are hereby settled and compromised"; that the Schulers thereby agreed to pay Sawyers "$1,040.75 on or before the 1st day of December, 1905," which they did, and by which, when paid, it was further agreed "all matters in reference to said suits are hereby settled in full, each suit to be dismissed by plaintiff therein at his own cost," which was done; that thereupon the Schulers demanded of Sawyers possession of the tools, which was refused, whereupon this suit was brought.

In overruling the demurrer and leaving it to the jury to say whether the tools, under all the facts and circumstances, were embraced within the terms of the settlement, there was no error. As this was done under proper instructions, the judgment of the trial court is affirmed.

All the Justices concur.